## Brehm v. Wyoming Bank & Trust Co.

*Francis T. Anderson*, for plaintiff.
*H. James Sautter*, for defendant.

LEVINTHAL, J., July 14, 1943.—A prior rule for a more specific statement of claim has been made absolute, and an amended statement of claim filed. Another rule for a more specific statement of claim has been filed. For present purposes, the facts may be very briefly stated. Plaintiff depositor claims to recover from defendant bank the sum of $16,769.78, representing withdrawals which the bank permitted a stranger to make from a checking account held in plaintiff's name. The stranger had deposited in the account the sums withdrawn by forging endorsements on checks drawn to plaintiff's order. The original statement of claim failed to enumerate and identify either the checks deposited or those drawn against the account, without averring that such information was not available to plaintiff. The amended statement of claim made substantially the same averments, with the addition, however, of the following paragraph:

"13. Plaintiff has no knowledge concerning the identity of the drawers of said checks, or the amount of any individual check, or the name of the bank or banks upon which said checks were drawn, and the plaintiff is unable to obtain any such knowledge."

Defendant's principal objections are: First, it alleges that the checks drawn against the account are in plaintiff's possession and hence he has the means of informing the court and the defendant which of them were *improperly drawn*. The answer to this contention is twofold. In the first place, it contradicts plaintiff's flat averment that he does not have such knowledge or the means of obtaining it. Secondly, he has averred that *all* of the checks were improperly drawn against the account. Defendant's objection that it has not been informed *which* checks had been improperly drawn goes hand in hand with its second chief complaint: that some of the withdrawals were made for plaintiff's benefit, and hence not *all* of them were improperly honored. However, this also flatly contradicts an averment to the contrary in the statement of claim, and therefore should be pleaded by way of traverse.

In our judgment, the allegation that all of the checks were improperly withdrawn, coupled with the averment that plaintiff cannot specifically identify the checks deposited or withdrawn, is as specific as the circumstances of the case permit.

Accordingly, the rule for a more specific statement of claim is discharged.